UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-162 PSG (ASx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | *Colfin AI-CA 5, LLC v. Caldwell, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to State Court for Lack of Subject Matter Jurisdiction

On January 8, 2014, Defendants Tawana Caldwell and Anthony Paxton (collectively, "Defendants") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff ColFin AI-CA 5, LLC ("Plaintiff"). *See* Dkt #1. After reviewing Defendants' notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties. *See* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.* Furthermore, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under § 28 U.S.C. 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-162 PSG (ASx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | *Colfin AI-CA 5, LLC v. Caldwell, et al.* | | |

complaint, no basis for federal question jurisdiction exists.

Defendants' notice of removal argues federal question jurisdiction is established based upon the Fourteenth Amendment fo the Constitution. *Not.* ¶ 5. However, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Further, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000.00 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The unlawful detainer complaint seeks damages in an amount less than $10,000. *See Compl.* at 2. Accordingly, the amount in controversy requirement has not been met to establish diversity jurisdiction.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

**IT IS SO ORDERED.**